**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

BRANDON WADE MORAGNE-EL,

        Petitioner

        v.

WARDEN HEATHER FRANZONI,

        Respondent.

CIVIL ACTION NO. 3:26-CV-01337

(MEHALCHICK, J.)

**<u>MEMORANDUM</u>**

Brandon Wade Moragne-El, incarcerated at the Franklin County Jail, asks the Court to intervene in his state pre-trial criminal proceedings through a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. *See* (Doc. 1). "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rules Governing § 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, Rule 4 (also applicable to § 2241 petitions under Rule 1(b)); *see McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

**I.    <span style="font-variant:small-caps">Background and Procedural History</span>**

The Court's review indicates that criminal proceedings are pending against Moragne-El in the Franklin County Court of Common Pleas for a series of drug-related charges. The docket of that case indicates that bail has been set and Moragne-El is proceeding *pro se* after waiving his right to counsel. *See Commonwealth v. Moragne-El*, No. CP-28-CR-0001305-2025 (Franklin Cty. Ct. Com. Pl.). In this petition, he claims that he was "arrested pursuant to an

invalid warrant" because the underlying supervision violation was based on a "discretionary condition . . . that was not orally pronounced . . . and therefore never legally imposed"; he also claims that he was subjected to an illegal search and seizure that should have been barred under the Federal Rules of Criminal Procedure. Moragne-El indicates that he presented his arguments in a motion to suppress, which was denied, but that he has not attempted to appeal because he was "informed that this was not an appealable issue" and that "any violations of the Federal Rules of Criminal Procedure must be addressed to the United States District Court." He requests that this Court hold an evidentiary hearing on his claims.

## II.    DISCUSSION

Petitioners seeking habeas corpus relief prior to final conviction and sentence in state court may only obtain such relief if (a) they make "a special showing of the need" for habeas corpus relief and have exhausted state court remedies or (b) "extraordinary circumstances" justify habeas corpus relief. *Moore v. DeYoung*, 515 F.2d 437, 443 (3d Cir. 1975) (citing *Braden v. 30th Judicial Cir. Ct. of Kentucky*, 410 U.S. 484 (1973)). This discretionary jurisdiction "must be exercised sparingly in order to prevent . . . 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (unpublished) (citing *Moore*, 515 F.2d at 445–46); *see also Werkheiser v. Shoemaker*, No. 3:25-CV-1068, 2025 WL 1888223, at *4 (M.D. Pa. July 8, 2025) (noting that "some district courts in the Third Circuit decline to consider Section 2241 habeas petitions filed by petitioners with unresolved state criminal charges under *Younger* abstention").

Even if Moragne-El's pre-trial motion was wrongly decided, "[p]etitioners seeking pre-conviction habeas corpus relief in federal court must give state appellate courts *an opportunity to rule on their claims* to exhaust state court remedies." *Ayers v. Wyoming Cnty.*, No. 1:22-CV-

969, 2022 WL 2318685, at *1 (M.D. Pa. June 28, 2022) (emphasis added) (citations omitted). The allegation that some unspecified person "informed" Moragne-El that appeal would be impossible does not excuse exhaustion, nor suggest a "special showing" of the need for federal intervention, given that Moragne-El has not actually tried to appeal. To the extent Moragne-El believes that a rejection of federal claims in his motion to suppress means there was "no adjudication on the merits" and therefore no need to attempt an appeal, he is mistaken. *See, e.g.*, *Carter v. Clerk of Cts.*, No. 1:22-CV-580, 2022 WL 1309160, at *1 (M.D. Pa. May 2, 2022) (claims of an arrest warrant premised on "false statements," and that the state court refused to entertain a petitioner's arguments, can be "corrected through ordinary error correction on direct appeal").

Moragne-El has not presented other "extraordinary circumstances" that would justify federal intervention in a state criminal case. An extraordinary circumstance requires some form of "delay, harassment, bad faith or other intentional activity"; disagreement with the course of pre-trial proceedings is insufficient, as is the fact of pre-trial detention. *See Moore*, 515 F.2d at 447 n.12; *see also Young v. Westmoreland DA's Off.*, No. 20-CV-936, 2020 WL 4938145, at *5 (W.D. Pa. July 20, 2020) (collecting cases finding that an allegedly illegal arrest is not an "extraordinary circumstance"). Moragne-El objects to what he believes is factual and legal error by the trial court, but that disagreement must be fully litigated in the state courts before he seeks federal habeas relief. *See Moore*, 515 F.2d at 449 ("These available procedures amply serve to protect Moore's constitutional rights without pre-trial federal intervention in the orderly functioning of state criminal processes.").

III.    CONCLUSION

Accordingly, for the reasons set forth above, Moragne-El's petition will be dismissed, and his motion seeking related relief will be denied. Because jurists of reason would not find the procedural disposition of this case debatable, *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000), no certificate of appealability will issue. An appropriate order follows.


**Dated: May 26, 2026**                                        *s/ Karoline Mehalchick*

                                               **KAROLINE MEHALCHICK**
                                               **United States District Judge**